**Electronically Filed
Intermediate Court of Appeals
28788
30-SEP-2010
02:22 PM**

NO. 28788

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAKE FARMER, Plaintiff-Appellant,
v.
PACIFIC SPECIALTY INSURANCE COMPANY;
MFA INSURANCE, INC.,
Defendants/Cross-Claimant/Cross Claim Defendant/Appellees.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC-CIVIL NO. 06-1-1459)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise, Leonard, JJ.)


Plaintiff-Appellant Jake Farmer (Farmer) appeals from the "First Amended Findings of Fact and Conclusions of Law and Order for Entry of Judgment" that was filed on September 21, 2007, in the District Court of the Second Circuit (district court).[1] This case involves a dispute over insurance coverage for a used motorcycle purchased by Farmer from a third party that was later stolen. Based on an application for insurance prepared by MFA Insurance, Inc. (MFA) and signed by Farmer, Pacific Specialty Insurance Company (PSIC) issued an insurance policy to Farmer for a 2000 Harley-Davidson Model FLTR motorcycle. After the motorcycle was stolen, it was determined that the motorcycle

_____

[1] The Honorable Douglas H. Ige presided.

was not a Harley-Davidson, but a kit bike that was obtained through a magazine. PSIC refunded the insurance premiums paid by Farmer and rescinded the insurance policy.

I.

Farmer filed a complaint in the district court against Defendants-Appellees PSIC and MFA (collectively, the Defendants). The complaint sought judgment in the amount of $20,000 for money the Defendants owed to Farmer on his "claim for the stolen Harley[-]Davidson made on [the] insurance policy [issued by PSIC]." PSIC and MFA answered the complaint and filed cross-claims for indemnity and contribution against each other. Pursuant to a stipulation signed by all parties, the district court subsequently dismissed all claims by and against MFA without prejudice.

After a bench trial, the district court determined that Farmer's motorcycle was not a Harley-Davidson and that although Farmer had not engaged in fraud or intentional misrepresentation, he had made a material misrepresentation that the motorcycle was a Harley-Davidson in the insurance application. The district court set forth its decision in the "First Amended Findings of Fact and Conclusions of Law and Order for Entry of Judgment." The district court relied upon Hawaii Revised Statutes (HRS) § 431:10-209 (2005) and the doctrine of mutual mistake pursuant to the Restatement (Second) of Contracts §§ 151-52 (1979), in entering judgment in favor of PSIC and against Farmer.

II.

On appeal, Farmer challenges numerous findings and conclusions relied upon by the district court in entering its judgment. Based upon our review of the record and the arguments presented in the briefs filed by the parties, we affirm the district court's judgment.

In ruling in favor of PSIC, the district court relied on HRS § 431:10-209, which provides:

> **Warranties, misrepresentations in applications.** All statements or descriptions in any application for an insurance policy or in negotiations therefor, by or on

2

> behalf of the insured, shall be deemed to be representations and not warranties. A misrepresentation shall not prevent a recovery on the policy unless made with actual intent to deceive <u>or unless it materially affects either the acceptance of the risk or the hazard assumed by the insurer</u>.

(Emphasis added.) The district court found that Farmer made a material misrepresentation with respect to the manufacturer of the subject motorcycle, namely, that the motorcycle was a Harley-Davidson, when it was not.

The crux of Farmer's argument on appeal is that the district court erred in relying on HRS § 431:10-209 because Farmer did not misrepresent the manufacturer of the motorcycle as being Harley-Davidson. Farmer contends that he did not make any "incorrect representation" regarding the manufacturer of the motorcycle, but simply provided the Maui certificate of title for the motorcycle which indicated that it was a Harley-Davidson. However, Jolene Trenholm (Trenholm), an agent for MFA who assisted Farmer in preparing the insurance application, testified that Farmer told her that the motorcycle was a Harley-Davidson, in addition to providing her with the Maui certificate of title. Trenholm's testimony that Farmer told her the motorcycle was a Harley-Davidson provides substantial evidence to support the district court's finding that Farmer had made a misrepresentation regarding the manufacturer of the motorcycle.

At trial, a representative of PSIC provided testimony that the misrepresentation of the motorcycle as a Harley-Davidson was material to the acceptance of the risk or the hazard assumed by PSIC in issuing the policy to Farmer, and that PSIC would not have issued the policy had it known the motorcycle was a kit bike. Farmer did not significantly challenge this testimony at trial, and the district court found that the materiality component of HRS § 431:10-209 had been satisfied. On appeal, Farmer does not argue that the district court's finding of materiality was erroneous, and he thus waived this claim. <u>See</u> Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (2008) ("Points not argued may be deemed waived.").

Accordingly, under the circumstances presented here, we conclude that the district court did not err in relying on HRS § 431:10-209 in entering judgment in favor of PSIC. See Park v. Gov't Employees Ins. Co, 89 Hawai'i 394, 398-99, 974 P.2d 34, 38-39 (1999). This conclusion is sufficient to affirm the district court's judgment. Thus, we need not address Farmer's arguments regarding whether the district court erred in relying on the doctrine of mutual mistake set forth in the Restatement (Second) of Contracts §§ 151-52 as an alternative ground for its decision.

III.

We affirm the judgment entered on September 21, 2007, by the district court in favor of PSIC and against Farmer.

DATED: Honolulu, Hawai'i, September 30, 2010.

On the briefs:

Carl H. Osaki
for Plaintiff/Appellant.

Paul T. Yamamura
Wesley D. Shimazu
(Yamamura & Shimazu)
for Defendant-Appellee.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

4